# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JOSEPH MOLTON CHAVIS, #1223330, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:21-cv-149-JDK-JDL |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Molton Chavis, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging theft and damage to his personal property in prison. The case was referred to United States Magistrate Judge, John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case. Docket No. 3.

On June 15, 2021, the Magistrate Judge explained that Petitioner's claims could only proceed, if at all, as civil rights claims under 42 U.S.C. § 1983 and ordered him to file an amended complaint. Docket No. 10. Petitioner did not comply. On August 9, 2021, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice for failure to comply with the Court's order and failure to prosecute. Docket No. 18. Petitioner filed a timely "Motion to Appeal," which the Court construes to be written objections to the Report. Docket No. 19.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent

1

assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner argues in his objection that his petition should not be dismissed because the Court said in denying his last habeas petition in 2017 that it would consider a habeas action for "good time taken or lost or stolen, damage and lost property." Docket No. 19 at 1. Petitioner mischaracterizes the Court's ruling in his previous case. The Court dismissed that case, in which Petitioner challenged his conviction for a prison disciplinary offense, in part because Petitioner did not allege any punishment that triggered a right to due process in connection with the disciplinary charge. Report and Recommendation, *Chavis v. Director*, No. 6:17-90 (E.D. Tex. July 25, 2017), *adopted* (June 4, 2018). The only mention of property in the Report setting forth the basis for that dismissal was this statement: "The procedural protections of the due process clause are triggered only when there has been a deprivation of life, liberty, or property." *Id.* at 4. That statement is correct, but it does not support the proposition that a habeas action will lie for claims of lost or damaged property. To the contrary, the law is very clear that habeas relief is only available under Section 2254 when an inmate is "in custody in violation of the Constitution or laws or treaties of the United States," and "habeas is not available to review questions unrelated to the cause of detention." 28 U.S.C. § 2254; *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Accordingly, the Court's order that Petitioner amend his pleading to seek relief under Section 1983 was proper, and Petitioner offers no legitimate excuse for his on-going failure to comply with that order.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's

2

objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 19) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 18) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice for failure to comply with the Court's orders and take the necessary action to prosecute his claim. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **1st** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE